IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES GREEN                                                              PETITIONER

v.                                    NO. 5:18-cv-00211 DPM/PSH

WENDY KELLEY, Director of the                                              RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

I. STATE AND FEDERAL COURT PROCEEDINGS. The record reflects that petitioner Charles Green ("Green") was tried in Mississippi County Circuit Court for the offense of murder. He did not deny shooting the victim but took the position at trial that the shooting was done in self-defense. The Arkansas Court of Appeals summarized some of the evidence touching on the issue of self-defense and did so as follows:

> At trial, [Green] testified that the victim had a reputation of being a bully. [Green] said that on the day of the shooting he became frightened and did not know what to do because the victim told him, "I know where you at" and "I'm coming over there so you better be ready." [Green] said he knew what the victim could and would do, and he had witnessed the victim "exert violence" and beat other people. At the time of the shooting, [Green] was making a telephone call from a pay phone. The victim's car approached and stopped four or five feet away. The victim got out of the car and approached [Green] while speaking in an angry tone. [Green] said that the victim kept walking toward him; that he could not back up; that he felt as if his life was in danger; that he pulled the gun; and that when the victim came into "reaching range" he shot him. [Green] testified further that he weighs about 178 pounds and his arm is partially paralyzed. He said that he meant to shoot the victim; that he fired six or seven shots; that the victim fell on his back after the second shot; and that he did not see any weapon on the victim.
>
> There was other evidence regarding the victim's size and propensity for violence. Lanette Martin, the victim's girlfriend, testified that the victim was a violent person with a reputation for violence and for carrying a gun; that [Green] had witnessed the victim beating her during which she was punched, kicked and choked so that she became unconscious; that [Green] had witnessed the victim beating another woman with a chair; and that the victim had an argument on the phone with an unknown party on the night of the shooting. Pearlee Davis testified that the victim was "kind of like muscle built"; that he was a lot bigger than [Green], who had a withered arm; that [Green] left her house before the shooting because he believed the victim was coming after him; and that he was scared. Antonio Burks who witnessed the incident testified that the victim was a tall, stocky man, who was a lot taller, bigger, and stockier than [Green].

See Green v. State, --- Ark. ---, --- S.W.2d ---, 1999 WL 714655, 1 (Ark.Ct.App. 1999). The jury was not persuaded and convicted him of first-degree murder. Green was sentenced to the custody of respondent Wendy Kelley ("Kelley").

Green appealed and raised one claim, i.e., "the trial court erred in ruling that it would allow the State to cross-examine a witness regarding certain prior bad acts of the witness and [Green]." See Id. at 2. The state Court of Appeals found no reversible error and affirmed Green's conviction on September 8, 1999. The records maintained by the appellate court clerk reflect that a mandate was issued on September 28, 1999.

Green did not thereafter seek post-conviction relief or otherwise mount a collateral attack upon his conviction. Specifically, he never filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.

On August 16, 2018, Green signed the petition at bar, one pursuant to 28 U.S.C. 2254. In it, he appeared to advance two claims. First, he maintained that he is actually innocent. Second, he maintained that the evidence was insufficient to support his conviction. The same assertion appeared to support both claims, i.e., the State failed to prove beyond a reasonable doubt that he purposefully killed the victim. Although Green did not specifically address the limitations question in his petition, he appeared to maintain that he only now filed his petition because it was not until November 16, 2017, that the Arkansas Supreme Court provided him with a copy of the trial transcript. See Green v. State, 2017 Ark. 319, --- S.W.3d ---, 2017 WL 5493001 (Ark.S.Ct. 2017).

Kelley filed a response to Green's petition. In the response, Kelley maintained that Green's petition is time-barred, and his challenge to the sufficiency of the evidence is procedurally barred from federal court review.

Green thereafter filed a reply in which he maintained, inter alia, that if his petition is untimely, its untimeliness should be excused because he is actually innocent. He so maintained, in part, because he was erroneously required to prove self-defense.

II. LIMITATIONS. A state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that one-year period, or if the untimely filing of his petition is not excused, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year period begins from "the latest of" one of four dates.

Kelley maintains, and the undersigned agrees, that 28 U.S.C. 2244(d)(1)(A) is the applicable date in this instance. It provides that the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." For a petitioner who did not seek review in a state's highest court, the judgment becomes final "on the date that the time for seeking such review expires." See Gonzalez v. Thaler, 565 U.S. 134, 137 (2012).

Kelley maintains that the judgment became final on September 27, 1999.[1] It may be, though, that the judgment became final the following day, i.e., the date the mandate was issued. In any event, it is clear the judgment became final, and the one-year period began, in September of 1999. Green thus had through September of 2000 to file a timely petition pursuant to 28 U.S.C. 2254.

---

[1] Specifically, Kelley alleged the following:

> … the one-year limitation for filing a federal habeas petition in Green's case commenced on September 27, 1999—when his time for seeking discretionary review of the Court of Appeals decision on direct review expired. See 28 U.S.C. 2244(d)(1)(A). See also Riddle v. Kemna, 523 F.3d 850, 856 (8th Cir. 2008) (habeas petitioner is not entitled to 90-day period for seeking certiorari from intermediate state court of appeals decision). Green's direct appeal was decided on September 8, 1999, and his time to seek review of that decision in the Arkansas Supreme Court expired eighteen days later …]

See Docket Entry 5 at CM/ECF 2.

Green signed the petition at bar on August 16, 2018. Because the one-year period for filing a petition pursuant to 28 U.S.C. 2254 expired in September of 2000, his petition is untimely unless there is some reason for tolling the period or otherwise excusing his untimely filing.

28 U.S.C. 2244(d)(2) provides that "[t]he time during which a properly filed application for [s]tate post-conviction or other collateral review … is pending shall not be counted toward any period of limitation …" This sub-paragraph is of no benefit to Green for the simple reason that he never properly filed an application for state post-conviction or other collateral review.

When extraordinary circumstances beyond a petitioner's control make it impossible to file a timely petition, the one-year period can be equitably tolled. See Finch v. Miller, 491 F.3d 424 (8th Cir. 2007). The petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" See Id. at 427 [quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)]. The relief, though, is "an exceedingly narrow window …" See Id. at 428. [quoting Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005)].

The state Court of Appeals affirmed Green's conviction, and a mandate was issued, in September of 1999. For the next eighteen, almost nineteen years, he did nothing. Specifically, he did not mount a collateral attack of any kind upon his conviction. Although it was not until November of 2017 that Green obtained a copy of the trial transcript, his conviction had been final for many years before he began that effort. Given this chronology, the undersigned is not persuaded that he has been diligently pursuing his rights.

The undersigned is also not persuaded that some extraordinary circumstance stood in Green's way and prevented him from filing a timely petition. Without question, he has been proceeding without the assistance of counsel since the conclusion of his direct appeal and did not have access to a copy of the trial transcript until he obtained one from the state Supreme Court in November of 2017. There is nothing to suggest, though, that his pro se status and lack of a copy of the trial transcript are extraordinary circumstances or are otherwise the type of circumstances that excuse an untimely filing.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "The actual innocence exception is demanding and seldom met and 'tenable actual-innocence gateway pleas are rare.'" See Story v. Kelley, 2018 WL 3193807, 1 (E.D. Ark. 2018) (Baker, J.) [quoting McQuiggin v. Perkins, 569 U.S. 386-87]. "A petitioner 'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See Id. [quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)].

Green appears to offer evidence he believes will exonerate him. The evidence warrants no relief for at least two reasons. First, the evidence is not new. Instead, it appears to be his interpretation, or characterization, of the evidence presented at trial. Second, the undersigned is not persuaded that in light of the evidence Green offers, no juror, acting reasonably, would have voted to find Green guilty beyond a reasonable doubt.

III. RECOMMENDATION. The undersigned finds that Green filed the petition at bar after the expiration of the one-year period. Because he has offered no reason for tolling that period, or otherwise excusing his untimely filing, his petition is time barred. It is therefore recommended that his petition be dismissed, all requested relief be denied, and judgment be entered for Kelley. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. The undersigned is not convinced that Green can make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 6th day of February, 2019.

_____
UNITED STATES MAGISTRATE JUDGE